RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

RIKA VALDMAN
ISAAC M. HOENIG
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044-0683
202-514-6056 (v-Valdman)
202-307-5963 (v-Hoenig)
202-307-0054 (f)
Rika.Valdman@usdoj.gov
Isaac.M.Hoenig@usdoj.gov
*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN JOSEPH MICHAEL,<br><br>Defendant. | Case No.:<br><br>COMPLAINT TO REDUCE CIVIL PENALTY ASSESSMENTS TO JUDGMENT |

The United States of America ("United States"), by and through undersigned counsel, hereby complains and alleges as follows:

**Defendant, Jurisdiction and Venue**

1. This action is brought by the United States to reduce to judgment certain outstanding tax assessments against Defendant John Joseph Michael ("Mr. Michael") pursuant to

26 U.S.C. § 6672 for the tax periods ending March 31, 2014, June 30, 2014, September 30, 2014, December 31, 2014, March 31, 2015, and June 30, 2015 ("the tax periods at issue").

2. This action is brought pursuant to 26 U.S.C. § 7401, at the direction of the Attorney General of the United States, with the authorization and at the request of the Associate Area Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1346(c) and 26 U.S.C. § 7402.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1396 because it is the district where the liabilities at issue accrued.

5. Because the businesses giving rise to the tax liabilities for the tax periods at issue operated either in Multnomah County or Washington County, Oregon, pursuant to LR 3-2(a), this action should be assigned to the Court in Portland.

**Background**

6. Riverplace Athletic Club I Inc. ("Riverplace"), Bethany Athletic Club I Inc. ("Bethany"), and Hawthorn Farm Athletic Club I Inc. ("Hawthorn"), are Oregon State Corporations (collectively: "the Clubs").

7. During the tax periods at issue, Mr. Michael was the owner of Allstate Financial Group, LLC. ("AFG"), which processed membership fees for athletic clubs nationwide, including the Clubs.

8. Beginning in or around December 2013, Mr. Michael acquired management control over the Clubs.

9. During the tax periods at issue, Mr. Michael and Kenneth Moland ("Mr. Moland") each had a 50% ownership interest in each of the Clubs.

10. During the tax periods at issue Mr. Michael and Mr. Moland communicated on a regular basis regarding the Clubs' business and financial obligations.

11. During the tax period ending March 31, 2014 Kenneth Moland was the President of each of the Clubs.

12. Beginning in or around April 2014 through at least June 30, 2015, John Michael was the President and Secretary of each of the Clubs.

13. Mr. Michael and his wife Michelle Bailey Michael ("Ms. Michael") had sole signatory authority over three bank accounts under the names "AFG Group LLC, Riverplace AC", "AFG Group LLC, Bethany AC", and "AFG Group LLC, Hawthorn AC" (the "AFG Accounts").

14. All revenue for each of the Clubs was deposited into the respective AFG account for each Club.

15. Mr. Michael disbursed funds from the AFG Accounts to accounts controlled by Mr. Moland in order to meet payroll, pay utilities and meet other expenses for the Clubs.

16. Mr. Michael authorized the payment of rent, utilities and other expenses for the Clubs while the Clubs' employment taxes went unpaid.

17. Mr. Michael directed Kelly Tran ("Ms. Tran"), Mr. Moland's daughter as well as a CPA employed by Mr. Moland, not to pay the Clubs' employment taxes on the EFTPS site when due.

18. Mr. Michael signed the Forms 941, Employer's Quarterly Federal Tax Return, for each of the Clubs for the tax period ending September 30, 2014.

19. Mr. Michael signed the Forms 941, Employer's Quarterly Federal Tax Return, for Bethany and Hawthorn for the tax period ending December 31, 2014.

20. Riverplace did not file Form 941, Employer's Quarterly Federal Tax Return for the tax period ending December 31, 2014, thus Riverplace's tax liability for the December 31, 2014 period was computed by the IRS.

21. Forms 941, Employer's Quarterly Federal Tax Return, for each of the Clubs for the tax period ending March 31, 2014 were signed by Mr. Moland.

22. Forms 941, Employer's Quarterly Federal Tax Return, for each of the Clubs for the tax period ending June 30, 2014 were signed by Deborah J. Heebink, a bookkeeper in Mr. Moland's office.

23. The Clubs did not file Forms 941, Employer's Quarterly Federal Tax Returns for the tax period ending March 31, 2015, thus the Clubs' tax liabilities for the March 31, 2015 period were computed by the IRS.

24. Bethany did not file Form 941, Employer's Quarterly Federal Tax Returns for the tax period ending June 30, 2015, thus Bethany's tax liability for the June 30, 2015 period was computed by the IRS.

25. During the tax periods at issue, Mr. Michael was responsible for collecting, truthfully accounting for, and paying over to the United States the employment taxes that were withheld from the wages of the Clubs' employees ("the Trust Fund Taxes").

26. During the tax periods at issue, Mr. Michael failed to collect, truthfully account for, and pay over the Trust Fund Taxes for the Clubs.

27. Mr. Michael's failure to collect, truthfully account for, and pay over the Trust Fund Taxes was willful. Mr. Michael was aware of the Clubs' unpaid employment tax liabilities for the tax periods at issue and was aware that other creditors were being paid, but did not cause the payment of employment taxes to the United States.

28. Mr. Michael's willful failure to collect, truthfully account for, and pay over the Trust Fund Taxes rendered him liable for a penalty equal to the total amount of federal employment taxes not collected, accounted for, and paid over to the United States.

29. A duly authorized delegate of the Secretary of the Treasury, timely assessed trust fund recovery penalties under 26 U.S.C. § 6672 against Mr. Michael as follows:

| Tax Period | Date of Assessment | Relevant Club | Amount Assessed | Outstanding Balance as of November 30, 2020 |
|---|---|---|---|---|
| 3/31/2014 | 1/8/2018<br>1/15/2018<br>2/12/2018 | Riverplace<br>Bethany<br>Hawthorn | $23,063.68<br>$24,210.16<br>$31,228.60 | $89,470.69 |
| 6/30/2014 | 1/8/2018<br>1/15/2018<br>2/12/2018 | Riverplace<br>Bethany<br>Hawthorn | $29,835.27<br>$28,451.67<br>$42,130.17 | $115,182.63 |
| 9/30/2014 | 1/8/2018<br>1/15/2018<br>2/12/2018 | Riverplace<br>Bethany<br>Hawthorn | $20,724.39<br>$28,253.52<br>$39,421.50 | $101,384.74 |
| 12/31/2014 | 1/8/2018<br>1/15/2018<br>2/12/2018 | Riverplace<br>Bethany<br>Hawthorn | $21,956.78<br>$24,437.59<br>$39,675.96 | $98,710.55 |
| 3/31/2015 | 1/8/2018<br>1/15/2018<br>2/12/2018 | Riverplace<br>Bethany<br>Hawthorn | $23,221.68<br>$25,846.61<br>$31,507.00 | $92,430.69 |
| 6/30/2015 | 1/8/2018 | Bethany | $10,049.82 | $11,548.62 |
| **Total** | | | | **$508,727.92** |

*Table 1: Civil Penalty Assessments against Defendant John Joseph Michael*

30. Despite timely notice and demand for payment of the assessments described in paragraph 29 above, Mr. Michael has neglected, failed or refused to pay the assessments and as

of November 30, 2020, there remains due and owing the sum of $508,727.92, plus statutory interest accrued from the dates of assessment, and other statutory additions, less payments or credits, as provided by law.

**COUNT I**

**Reduce to Judgment TFRP Assessments against Defendant John Joseph Michael**

31. The United States incorporates by reference paragraphs 1 through 30 above, as if fully set forth herein.

32. Under 26 U.S.C. § 6672(a) and 7402(a), the United States is entitled to judgment against Mr. Michael for the sum of $508,727.92, the balance of the unpaid TFRP assessments identified in paragraph 29 above, plus statutory interest and other additions running from November 30, 2020 as provided by law less any payments or credits.

**REQUEST FOR RELIEF**

WHEREFORE, the United States respectfully requests that the Court:

A. Enter judgment in favor of the United States against John Joseph Michael for unpaid trust fund recovery penalties for tax periods ending March 31, 2014, June 30, 2014, September 30, 2014, December 31, 2014, March 31, 2015 and June 30, 2015 in the amount of $508,727.92 plus statutory interest and other additions running from November 30, 2020 as provided by law less any payments or credits;

//

//

//

//

//

B. Award the United States its costs and such other relief as is just and proper.

Dated: November 24, 2020

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Isaac M. Hoenig*
RIKA VALDMAN
ISAAC M. HOENIG
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044-0683
202-514-6056 (v-Valdman)
202-307-5963 (v-Hoenig)
202-307-0054 (f)
Rika.Valdman@usdoj.gov
Isaac.M.Hoenig@usdoj.gov

*Attorneys for the United States of America*